Sutliee, J.
By the act of Congress, passed June 19,1840 (Mayo & Moulton’s Pension and Bounty Land Laws, p. 211), entitled “ an act making provision for the payment of pensions,” etc., it is provided,
Sec. 1.’ “ That in case any male pensioner shall die leaving children, but no widow, the amount of pension due to sueh pensioner at the time of his death, shall be paid to the ■ executor or administrator on the estate of such pensioner for the sole and exclusive benefit of the children, to be by him •distributed among them in equal shares, and the same shall not be considered as a part of the. assets of said estate, nor liable to be applied to the payment of debts of said estate in •any case whatever.
Sec. 2. “ That in case any pensioner who is a widow shall >die, leaving children, the amount of pension due at the time «of her death shall be paid to the executor or administrator *218 for the benefit of her children, as directed in the foregoing; section.
Sec. 8. “ That in case of the death of any pensioner,, whether male or female, leaving children, the amount of pension may be paid to any one or each of them, as they may prefer, without the intervention of an administrator.”
This act of Congress authorized the administrator of an-intestate pensioner to receive the money due from the government, in trust for the children of the deceased pensioner. Whether his assuming to act as such trustee was at the instance of the surviving children, does not appear from the-record; nor is it at all material. But it does appear from the record that Robertson, the administrator, was empowered to-act, and did act as such trustee to receive the money so obtained from the pension department. It also appears that by the aid of the plaintiff in error, in rendering services and advancing money for incidental expenses, the efforts of the-trustee were successful to obtain the money. But it is said that the money, when obtained, belonged to the defendant in error; that the administrator, upon receiving the money, held it for the benefit of Ohauncey Loveland, as the sole surviving-child of the intestate, and that the amount held by Chapman is in fact to be regarded as part and parcel of this trust fund.. To this it may well be answered that the rights of the claimant are only those of the beneficiary, and are derived through* the trustee. In other words, the claimant has only the right to a faithful performance of the trust on the part of the trustee. If the trustee has faithfully executed his trust toward' the defendant in error, the cestui que trust, then the defendant in error had no claim upon the plaintiff in error, but his-account should be rendered to his employer, the trustee. The claim of the defendant in error has, therefore, to be derived through the trustee. It follows, therefore, that the-amount due to the defendant in error from the trustee must first be ascertained, in order to determine the measure of recovery to which he is entitled against the trust fund in the hand of a third person
What, then, were the rights of this beneficiary against the; *219 administrator, as his trustee? The majority of the court think they were precisely the rights of a beneficiary in all other cases toward his trustee; that is, to have the trust faithfully discharged. It is required of the trustee in this case, as in all others, that he be faithful. He should, therefore, render a fair and true account of the discharge of his duties as such trustee. This account should consist of a correct-statement of the actual expenses of time and money necessarily incident to the discharge of the trust, and the amount of money so received and paid over in such trust capacity; and the balance so shown upon such statement would be the amount justly due to the beneficiary.
The proceeding is to be regarded in the nature of a chancery proceeding. If a third person be charged with holding the trust fund, as in this case, it is proper to make him a party whenever relief is sought against the person so holding the fund. It is, however, necessary that the trustee also be made a party. The judgment of the district court, affirming that of the court of common pleas must, therefore, be reversed; and the judgment of the court of common pleas must also be reversed, and the cause set down in that court for further proceedings.

Judgment accordingly.

Peck and Gholson, JJ., concurred.
Brinkerhoee, O.J., and Scott, J. dissented.